BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $10,707.87 SEIZED FROM FIRST BANK CHECKING ACCOUNT NUMBER 9417915527, HELD IN THE NAME OF COST U LESS CARS, INC.,<br><br>2008 BMW 528I, VIN: WBANU53538CT09595, LICENSE NUMBER: WL33, and<br><br>2006 BMW 750I, VIN: WBAHL83586DT01002, LICENSE NUMBER: 5PDN702,<br><br>　　　　　Defendants. | 2:14-MC-00114-MCE-AC<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the signed Stipulation for Consent Judgment of Forfeiture (ECF No. 9), the Court finds:

　　　　1.　　On or about June 19, 2014, agents with the Internal Revenue Service – Criminal Investigations ("IRS-CI") executed federal seizure warrants and seized Approximately $10,707.87 from First Bank checking account number 9417915527, held in the name of Cost U Less Cars, Inc. (the "defendant funds"); a 2008 BMW 528i, VIN: WBANU53538CT09595, License Number: WL33; and a 2006 BMW 750i, VIN: WBAHL83586DT01002, License Number: 5PDN702 (the "defendant vehicles") (hereafter collectively the "defendant properties").

1

2. The IRS-CI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about August 7, 2014, the IRS-CI received a claim from Hani Ataya asserting an ownership interest in the defendant properties.

3. The United States represents that it could show at a forfeiture trial that on or about June 19, 2014, agents with the IRS-CI executed a federal seizure warrant at First Bank checking account number 9417915527, held in the name of Cost U Less Cars, Inc. in the Eastern District of California and seized the defendant funds. Agents believe that the defendant funds were involved in or are traceable to property involved in violations of 31 U.S.C. § 5324(a)(1) (causing or attempting to cause a financial institution to fail to file a required report) and 31 U.S.C. § 5324 (a)(3) (structuring) and are subject to civil forfeiture.

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2).

5. The United States represents that it could show at a forfeiture trial that on or about June 19, 2014, agents with the IRS-CI executed federal seizure warrants in the Eastern District of California and seized the defendant vehicles. Agents believe that the defendant vehicles were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(3) (the "Sting" Provision) and are subject to civil forfeiture.

6. The United States could further show at a forfeiture trial that the defendant vehicles are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

7. Without admitting the truth of the factual assertions contained above, Hani Ataya specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Hani Ataya agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Hani Ataya acknowledges that he is the sole owner of the defendant funds and the defendant vehicles, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Hani Ataya shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds and the defendant vehicles were seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of this Consent Judgment of Forfeiture, Approximately $10,707.87 seized from First Bank checking account number 9417915527, held in the name of Cost U Less Cars, Inc., together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

13. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the 2008 BMW 528i, VIN: WBANU53538CT09595, License Number: WL33; and the 2006 BMW 750i, VIN: WBAHL83586DT01002, License Number: 5PDN702, shall be returned to potential claimant Hani Ataya through his attorney Patrick K. Hanly.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds and the defendant vehicles.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Hani Ataya waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds and defendant vehicles.

IT IS SO ORDERED.

Dated:  September 8, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT